Filed 3/12/26  Shin v. Aya Healthcare CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| STELLA SHIN,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>AYA HEALTHCARE, INC.,<br><br>     Defendant and Appellant. | A173533<br><br>(Alameda County Super. Ct. No. 24CV072248) |

      Aya Healthcare, Inc. (Aya) appeals from a trial court order denying its motion to compel arbitration of Stella Shin's individual claim on her own behalf under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.; PAGA).[1] The trial court denied Aya's motion because it concluded that Shin had not alleged an individual PAGA claim, merely a non-individual PAGA claim on behalf of other aggrieved employees that Aya was not seeking to compel to arbitration.[2]  The trial

---

[1] Undesignated statutory citations are to the Labor Code.

[2] The trial court, following the approach of some recent court decisions, referred to these different types of claims as individual and representative.  (E.g., *Leeper v. Shipt, Inc.* (2024) 107 Cal.App.5th 1001, 1008, fn. 7, review granted April 16, 2025,

1

court further ruled that PAGA and the caselaw interpreting it allowed Shin to plead only a non-individual PAGA claim in this fashion.

Aya contends this was error thrice over. First, it argues the question of whether Shin has pleaded an individual claim is a question of arbitrability that its arbitration agreements delegated to the arbitrator. Second, it argues that Shin's PAGA claim necessarily includes an individual claim even though Shin purports to allege only a non-individual claim. Third, Aya insists that even if Shin properly asserted only a non-individual claim, the question of her standing to do so is an issue that can be compelled to arbitration on its own.

We do not reach the merits of Aya's first and third arguments because Aya forfeited them by failing to raise them timely in the trial court. On the second, we agree with *Rodriguez v. Packers Sanitation Services LTD., LLC* (2025) 109 Cal.App.5th 69, review granted May 14, 2025, S290182 (*Rodriguez*), that a plaintiff is the master of the complaint and a court cannot construe a plaintiff's complaint to allege an individual claim if the plaintiff disclaims any such claim. If this makes a complaint

S289305 (*Leeper*).) This risks confusion because, as a technical matter, all PAGA claims are representative in the sense that an employee represents the interests of the Labor and Workforce Development Agency (LWDA). (*Ibid.*) Throughout this opinion we therefore adhere to the California Supreme Court's approach of using "individual" to refer to a PAGA claim on behalf of the plaintiff bringing the claim and "non-individual" to refer to a plaintiff's claim for penalties on behalf of other aggrieved employees. (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1114, 1117–1118 (*Adolph*).)

defective (an issue we need not and do not decide), the proper solution is to challenge the pleading via the normal procedures, not to read the intentionally omitted element into the complaint and then compel it to arbitration. We will therefore affirm on this basis.

## BACKGROUND

### I. PAGA Background

"[T]he Legislature enacted PAGA to create new civil penalties for Labor Code violations and ' "to allow aggrieved employees, acting as private attorneys general, to recover [those] penalties." ' [Citation.] Specifically, PAGA authorizes 'an aggrieved employee,' acting as a proxy or agent of the [LWDA], to bring a civil action against an employer 'on behalf of himself or herself and other current or former employees' to recover civil penalties for Labor Code violations they have sustained." (*Adolph*, *supra*, 14 Cal.5th at p. 1113.) Under the former version of PAGA that applies here, the LWDA receives 75 percent of any penalties recovered and aggrieved employees 25 percent. (Former § 2699, subd. (i), as amended by Stats. 2016, ch. 31, § 189; see § 2699, subd. (m) [LWDA now receives 65 percent of penalties and aggrieved employees 35 percent].)

"To have standing to bring a PAGA action, a plaintiff must be an 'aggrieved employee,' " which formerly meant " 'any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.' " (*Adolph*, *supra*, 14 Cal.5th at p. 1116, quoting former § 2699, subd. (c), as amended by Stats. 2016, ch. 31, § 189; see § 2699, subd. (c)(1)–(2)

3

[after 2024 amendment, "aggrieved employee" now means, with one exception, "any person who was employed by the alleged violator and personally suffered each of the violations alleged" during the one-year limitations period].)  Nonetheless, a PAGA claim remains " ' " 'fundamentally a law enforcement action,' " ' " and " '[t]he "government entity on whose behalf the plaintiff files suit is . . . the real party in interest." ' " (*Adolf*, at p. 1117.)

"[A] predispute categorical waiver of the right to bring a PAGA action is unenforceable . . . ." (*Adolph*, *supra*, 14 Cal.5th at p. 1117.)  Also unenforceable is an agreement that requires arbitration of an employee's individual claim for penalties and waives the employee's right to bring a non-individual claim for penalties on behalf of other employees.  (*Id.* at pp. 1117–1118.)  Until recently, some courts had further held employers could not require employees to split a PAGA action into an arbitrable individual claim and a non-individual claim that would remain in court.  (*Id.* at p. 1118.)  But in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639, 662, the Supreme Court held that the Federal Arbitration Act (9 U.S.C. § 1 et seq.; FAA) preempts such an "indivisibility" rule.

Following *Viking River*, the California Supreme Court held that a plaintiff whose individual claims are compelled to arbitration maintains standing under PAGA to assert non-individual claims in court.  (*Adolph*, *supra*, 14 Cal.5th at p. 1114.)  It concluded that a plaintiff's complaint properly alleged his standing as an aggrieved employee for the purposes of his non-individual claim by alleging that he experienced Labor Code

4

violations by the defendant.  (*Id.* at p. 1121.)  Arbitration of the plaintiff's individual claim did not extinguish that standing.  (*Ibid.*)  As a result, when an arbitration agreement requires arbitration of only an individual PAGA claim, that portion of a suit may be split off and compelled to arbitration, while the remaining non-individual claims stay in court.  (*Id.* at pp. 1123–1124.)  *Adolph* recognized, however, that an arbitrator's ruling on a plaintiff's individual claim that the plaintiff was or was not an aggrieved employee, if reduced to a final court judgment, would be binding on the court in the action on the non-individual claims.  (*Id.* at p. 1124.)

## II. Factual Background

Shin worked for Aya or an entity associated with it.  In April 2024, Shin filed a complaint against Aya alleging a single cause of action under PAGA.  She alleged that she was an aggrieved employee within the meaning of PAGA because she suffered one or more violations of the Labor Code by Aya, the details of which are irrelevant here.  In several different places, Shin alleged that she was bringing the claim on behalf of herself individually and other similarly situated aggrieved employees.  She sought to recover civil penalties "on behalf of herself and all other similarly aggrieved employees."  (Capitalization omitted.)

Aya moved to compel arbitration.  It provided evidence that Shin had signed two substantively identical arbitration agreements.  Three provisions of the agreements are relevant here.

5

The first requires arbitration of "any and all claims arising out of or relating to [Shin's] employment" with Aya, and specifically says the agreement covers claims "based on or alleging violations of the California Labor Code."

The second provision states that arbitration will be conducted in conformity with the FAA and the California Arbitration Act (Code Civ. Proc., § 1280 et seq.). This provision also contains what Aya calls a delegation clause, which states, "The arbitrator shall have the authority to resolve all portions of the dispute, including disputes relating to the interpretation or enforceability of this Agreement . . . ."

The third provision states that no claim covered by the agreement can be pursued as a class, collective, or representative action, but if either party asserts a nonwaivable representative claim, "any and all such representative claims may be asserted and determined only by binding arbitration in accordance with this Agreement."

Rather than oppose Aya's motion, Shin amended her complaint. Shin's new complaint continues to allege the same facts about her employment as the original complaint. But unlike her original complaint, Shin no longer alleges her PAGA claim individually or on her own behalf; instead, she alleges a PAGA claim only on behalf of other aggrieved employees.

Aya again moved to compel arbitration of Shin's individual PAGA claim. Aya took the position that Shin's removal from her complaint of any reference to her individual claims was immaterial because every PAGA action is a combination of an

6

individual claim arising from violations suffered by the plaintiff and a non-individual claim arising from violations suffered by other employees. A plaintiff must have suffered violations to have standing to bring a non-individual claim, so Aya said that Shin was either not an aggrieved employee and therefore lacked standing to bring a non-individual claim, or was an aggrieved employee and her individual claim was subject to arbitration. It then urged the court to compel arbitration of Shin's "individual claims and individual PAGA claims . . . and to stay [her] [non-individual] PAGA claims pending the outcome of the arbitration."

As relevant here, Shin opposed Aya's motion by arguing that she had standing to allege a non-individual PAGA claim because she alleged that she suffered Labor Code violations. She also pointed out that she was not alleging an individual claim, merely a non-individual claim. She said Aya's motion to compel arbitration of an individual claim that she had not alleged was therefore groundless. Shin further contended that non-individual claims are nonwaivable and that Aya's attempt to compel arbitration of Shin's non-existent individual claim but stay the non-individual claim was inconsistent with the arbitration agreement's provision requiring arbitration of nonwaivable non-individual claims.

In reply, Aya contended that Shin's argument about an inconsistency between Aya's request to stay her non-individual claim and the agreement's requirement that it be arbitrated was a challenge to the enforceability of the agreements that was for the arbitrator to decide under the provision giving the arbitrator

7

"the authority to resolve all portions of the dispute, including disputes relating to the interpretation or enforceability of this Agreement." Aya also maintained that Shin did not have standing to assert a purely non-individual claim because PAGA requires an aggrieved employee to bring an action on the employee's own behalf in addition to other employees. A single sentence of this argument mentioned the delegation clause but did not contend that the court could not decide the questions of whether Shin had alleged an individual claim or had standing to pursue a non-individual claim.

The trial court denied Aya's motion.

## DISCUSSION

### I. Governing Law and Standard of Review

"Congress enacted the FAA 'in response to judicial hostility to arbitration. Section 2 of the statute, [by making] arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," ' establishes an ' "an equal-treatment principle: A court may invalidate an arbitration agreement based on 'generally applicable contract defenses' like fraud or unconscionability, but not on legal rules that 'apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.' " ' [Citation.] When the FAA applies—that is, when the contracting parties are sufficiently involved in interstate commerce [citation]—the FAA 'preempts any state rule discriminating on its face against arbitration' and 'displaces any rule that covertly accomplishes the same objective by disfavoring

8

contracts that (oh so coincidentally) have the defining features of arbitration agreements.' " (*Harrod v. Country Oaks Partners, LLC* (2024) 15 Cal.5th 939, 965.) There is no dispute that the FAA applies here.

" ' " 'There is no uniform standard of review for evaluating an order denying a motion to compel arbitration. [Citation.] If the court's order is based on a decision of fact, then we adopt a substantial evidence standard. [Citations.] Alternatively, if the court's denial rests solely on a decision of law, then a de novo standard of review is employed.' " ' " (*Avila v. Southern California Specialty Care, Inc.* (2018) 20 Cal.App.5th 835, 839–840.)

## II. Delegation

Aya first faults the trial court for considering at all whether Shin's complaint alleges an individual claim. Aya contends this is a question of arbitrability that the arbitration agreements delegate to the arbitrator. This argument relies on the provision of the arbitration agreements that states, "The arbitrator shall have the authority to resolve all portions of the dispute, including disputes relating to the interpretation or enforceability of this Agreement . . . ."

We need not consider the merits of this argument because we agree with Shin that Aya forfeited it by failing to timely raise it in the trial court. " 'Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider. [Citation.] In our adversarial system,

9

each party has the obligation to raise any issue or infirmity that might subject the ensuing judgment to attack.' " (*Mendoza v. Trans Valley Transport* (2022) 75 Cal.App.5th 748, 769–770.) A party therefore forfeits and does not preserve for appeal an argument it fails to adequately raise in the trial court. (*Id.* at p. 770.) "Additionally, the right to arbitrate may be waived by ' "conduct so inconsistent with the exercise of the right to arbitration as to constitute an abandonment of that right." ' " (*Ibid.*) This waiver principle applies to arguments that a delegation clause applies because such clauses are treated as separate arbitration agreements. (*Id.* at pp. 770–771.)

Aya mentioned in the introduction to its motion to compel arbitration that the delegation clause gives the arbitrator authority to resolve disputes regarding the enforceability of the arbitration provision. It also placed the delegation clause in boldface in its factual background discussion. But Aya went on to argue to the court, with only a passing reference to delegation, that its arbitration agreement was enforceable and not unconscionable. Aya also argued, again without mentioning delegation, that the agreement applied to Shin's claim despite her removal of any references to individual claims, which is precisely the issue Aya now claims should be delegated to the arbitrator. Aya cannot complain that the trial court exceeded its authority in ruling on an issue that Aya itself presented to the court for a ruling, and we will not reverse the trial court on a basis that it did not have adequate opportunity to consider.

10

In response to Shin's forfeiture argument, Aya insists that it timely raised the issue by arguing in its motion and reply and at the hearing that the enforceability of the arbitration agreement was for the arbitrator to decide. In its motion, Aya only mentioned the delegation clause in passing in a discussion of whether the arbitration agreement is unconscionable. Aya never argued that the delegation clause prevented the court from deciding whether Shin's PAGA action was arbitrable, and in the ensuing pages of the motion, Aya asked the trial court to rule on the merits of the question of whether the arbitration agreement applies to Shin's complaint. The trial court noted as much in its ruling, observing that Aya relied on the delegation clause only in its reply and at the hearing.

The reply was too late to raise the issue, since it deprived Shin of the opportunity to contest the point in her opposition papers. Moreover, even in its reply Aya argued only that the court should defer to the arbitrator on Shin's defense that the motion should be denied because compelling arbitration of an individual claim but leaving the non-representative claim in court was inconsistent with the provision of the agreement calling for arbitration of nonwaivable representative claims. As it relates to Shin's purported individual claim, Aya mentioned the delegation clause in a single sentence distinguishing *Rodriguez* for its failure to address the applicability of a delegation clause. It never disputed the trial court could rule on whether Shin had alleged an individual claim. Not until the hearing on its motion did Aya argue that the question of whether Shin had pleaded an

11

individual claim needed to be delegated to the arbitrator. Raising the issue in this manner was unfair both to Shin and to the trial court, so we will not consider it on appeal. (*Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548 [forfeiture rule " ' "is based on fairness—it would be unfair, both to the trial court and the opposing litigants, to permit a change of theory on appeal" ' "].)[3]

## III. Individual vs. Non-individual Claim

Aya next contends the trial court erred in denying its motion to compel arbitration because Shin's PAGA action must include an individual claim that is subject to arbitration even though she omitted any claim of individual relief. While the question of whether a PAGA non-individual claim must be paired with an individual claim to be viable is an interesting one, we have no occasion to take it up here. We agree with our colleagues in *Rodriguez*, *supra*, 109 Cal.App.5th 69, 75, review granted, that regardless of whether an individual claim is an essential element of every PAGA claim, a defendant cannot compel arbitration of an individual claim if a plaintiff has not asserted one.

---

[3] The outcome would be no different if we were to examine the issue on the merits. Arbitrability questions are presumptively for the court to decide absent clear and unmistakable evidence that the parties delegated such questions to the arbitrator. (*Rent-A-Center, West, Inc. v. Jackson* (2010) 561 U.S. 63, 69, fn. 1.) The agreements delegate to the arbitrator the questions of "the interpretation or enforceability" of the agreement. As the trial court noted, even if this phrase were susceptible to Aya's interpretation that it encompasses the question of whether Shin's complaint alleges an individual claim, that interpretation is not clear and unmistakable.

In *Rodriguez*, *supra*, 109 Cal.App.5th at pages 72, 76–77, review granted, the plaintiff filed a PAGA claim only in a non-individual capacity and omitted references to individual relief. The trial court denied the defendant's motion to compel arbitration of the claim, and the Court of Appeal affirmed on the ground that the plaintiff was "not asserting individual PAGA claims in this case, and the trial court therefore could not have erred by failing to compel such claims to arbitration." (*Id.* at p. 75.) *Rodriguez* rejected the defendant's reliance on another case, *Leeper*, *supra*, 107 Cal.App.5th 1001, review granted, which Aya principally relies on here. (*Rodriguez*, at pp. 78–81.) *Leeper*, at page 1008, held that "a necessary component of every PAGA action is an individual PAGA claim, and thus that [a plaintiff], having alleged a cause of action under PAGA has, as a matter of law, alleged both an individual claim and a [non-individual] claim." *Rodriguez* pointed out that *Leeper*'s conclusion did not follow from its premise: "[J]ust because a PAGA action *must* include an individual PAGA claim does not mean any particular complaint brought under the auspices of PAGA *does* contain one." (*Rodriguez,* at p. 79; see *ibid.* ["It means that a PAGA complaint *should* contain an individual PAGA claim, not that it *does*."].) Complaints commonly fail to conform to statutory requirements, and defendants can use various tools to challenge such pleadings, such as demurrers or motions to strike. (*Id.* at pp. 78–80.) The *Rodriguez* court concluded that by reading a claim into a complaint that the plaintiff had expressly chosen not to assert, *Leeper* overlooked the principles that the plaintiff prosecutes a

13

civil action and the plaintiff's complaint " 'serves to frame and limit the issues.' " (*Id.* at p. 80.)

Rodriguez, *supra*, 109 Cal.App.5th at page 80, review granted, concluded that when a defendant moves to compel arbitration of a PAGA individual claim, the trial court should examine the complaint to determine whether it asserts an individual claim. "If the plaintiff's complaint asserts no individual PAGA claim, there is no existing dispute over his or her right to obtain an individual PAGA remedy, and he or she cannot properly be ordered to arbitrate such a claim." (*Ibid.*) However, this does not necessarily mean the plaintiff's complaint states a valid cause of action. (*Ibid.*) The defendant can still raise the question of whether a standalone non-individual PAGA claim is proper. (*Ibid.*) The defendant just needs to raise the alleged pleading deficiency "in an appropriate pleading challenge." (*Ibid.*)

We agree with *Rodriguez*. Shin's operative complaint omits any claim for individual PAGA penalties. She still alleges that she suffered Labor Code violations and is an aggrieved employee, but solely to allege that she has standing to bring a non-individual claim for penalties on behalf of other employees. To the extent that there is any doubt about the question, her briefing on appeal makes plain that she is not seeking individual relief. We have accepted that representation as a reason to rule in her favor by affirming the trial court's ruling and have construed the complaint as not raising an individual claim, so judicial estoppel and law of the case will prevent Shin from

14

arguing otherwise in subsequent proceedings. (*Rodriguez*, *supra*, 109 Cal.App.5th at p. 77, review granted.) Shin has therefore unequivocally not asserted an individual claim.

Because Shin has not alleged an individual claim, Aya cannot compel her to arbitrate it. (*Rodriguez*, *supra*, 109 Cal.App.5th at p. 80, review granted.) The dispute that Aya claims is arbitrable concerns whether Shin is entitled to individual PAGA penalties, but that dispute simply is not present in this case as Shin has framed it. (See *Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1202 ["At the demurrer stage, [plaintiff] is the master of his complaint, and we must accept his allegations at face value."]; *Central Valley Hospitalists v. Dignity Health* (2018) 19 Cal.App.5th 203, 206, 217–219 [conclusory complaint that expressly alleged it was not based on hospital's peer review activities, while susceptible to demurrer, could not be treated as though it alleged claims based on peer review activities for purposes of anti-SLAPP motion]; *Medical Marijuana, Inc. v. ProjectCBD.com* (2016) 6 Cal.App.5th 602, 621 ["It would be inappropriate for [a court] to insert into a pleading claims for relief based on allegations of activities that plaintiffs simply have not identified . . . . It is not [a court's] role to engage in what would amount to a redrafting of the first amended complaint in order to read that document as alleging conduct that supports a claim that has not in fact been specifically alleged, and then assess whether the pleading that [the court has] essentially drafted could survive the anti-SLAPP motion directed at it," fn. omitted].) We express no opinion on whether Shin's

15

non-individual claim satisfies the requirements of PAGA or any other pleading requirement. The trial court evidently believed a purely non-individual PAGA claim is viable, but its views were unnecessary to its disposition of Aya's motion to compel arbitration and are therefore dicta. If Aya continues to believe Shin's purely non-individual claim is not viable, it must raise the issue via a proper challenge to the pleadings, not by attempting to compel arbitration of a claim that Shin has not asserted.

## IV.  Arbitrability of Standing

Aya's final contention is that even if Shin has not asserted an arbitrable individual PAGA claim, her standing as an aggrieved employee is an issue in her non-individual claim and must be arbitrated. Like its delegation argument, Aya forfeited this issue by failing to raise it below.

Aya's motion to compel arbitration asked the court to compel Shin to arbitrate her individual claim and to stay her non-individual claim. Aya's memorandum in support of its motion asserted that Shin's omission of an individual claim would deprive her of standing for a non-individual claim, but it did not suggest that the question of her standing could be separated from the rest of the non-individual claim and independently sent to arbitration. Aya argued that Shin's non-individual PAGA claim should be stayed because it overlapped with and was based on the same factual allegations of alleged Labor Code violations as the individual claim, not that it should be arbitrated because of the overlap. Aya cited the section in *Adolph* where the California Supreme Court recognized that the resolution of an individual

16

claim in arbitration could have preclusive effect on the issue of standing for a non-individual claim. (*Adolph*, *supra*, 14 Cal.5th at pp. 1123–1124.) But Aya did not suggest there or in its later reply papers that the overlap between the two types of claims was sufficient to require arbitration of the standing question even if the individual claim were not sent to arbitration. The trial court understood Aya's motion in this way, remarking that Aya had not asserted that Shin's non-individual claim was arbitrable. Accordingly, we will not address this question for the first time on appeal.

## DISPOSITION

The trial court's order is affirmed.

BROWN, P. J.

WE CONCUR:

STREETER, J.
GOLDMAN, J.

*Shin v. Aya Healthcare, Inc.* (A173533)